# EXHIBIT

# "A"

EXHIBIT "A"

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MIGUEL ANGEL PENA

    Plaintiff,

vs.                                                      Case No.

HIALEAH MOTEL, INC.,
a Florida Profit Corporation

    Defendant.

_____/

## COMPLAINT

Plaintiff MIGUEL ANGEL PENA, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues defendant HIALEAH MOTEL, INC, (hereinafter "Defendant") a Florida profit Corporation (hereinafter, "Defendant"), and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief over $30,000 for unlawful termination committed by Defendant pursuant to pursuant to the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA," "EPSLA," or "the Act").

2. Jurisdiction is proper within the Southern District of Florida pursuant to *28 U.S.C. §§ 1331* and *1337*.

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Miami-Dade, Florida.

1

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within Miami-Dade Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Hialeah, Florida, and within the jurisdiction of this Court.

7. At all times material hereto, Plaintiff was employed by Defendant.

8. At all times pertinent hereto, Defendant, was covered by the Act, because it was engaged in commerce or in an industry or activity affecting commerce who employed fewer than 500 employees, prior to the time period in which Plaintiff sought leave under the Act.

9. At all times material hereto, Plaintiff was an eligible employee entitled to leave under the Act, based on the fact that he (a) attempted to take paid sick leave for being unable to work due to experiencing symptoms of COVID-19, and (b) was employed by Defendant for at least 30 calendar days prior to seeking to exercise his right to FFCRA leave.

10. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

11. Plaintiff was employed by Defendant as a full-time maintenance worker from on or about February 2020 until on or about July 3, 2020.

12. During his tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

13. On or about June 24th, 2020, Plaintiff began experiencing COVID-19 symptoms, including weakness, light-headedness, dizziness, and exhaustion.

14. For his own safety and that of those around him, Plaintiff notified Defendant he was experiencing symptoms attributed to COVID-19 and requested paid leave in order to seek diagnosis and to quarantine himself as required by the CDC guidelines.

15. After receiving express notice of Plaintiff's inability to work due to his experiencing COVID-19 symptoms and need to seek medical diagnosis, Defendant was required under the Act to provide Plaintiff paid sick leave.

16. On or about June 29th, 2020, Plaintiff received the medical results detailing Plaintiff was negative for COVID-19. Plaintiff notified Defendant immediately of his ability to go back to work.

17. On or about July 1, 2020, Plaintiff's returned to work. Upon his return, Defendant gave Plaintiff job duties that were not part of his position.

18. On or about July 3, 2020, Defendant discharged, disciplined, and/or otherwise discriminated against Plaintiff because of his request for leave under the Act. Any other reason for Plaintiff's termination is merely pretext for Defendant's unlawful termination of Plaintiff.

19. The temporal proximity of Plaintiff's written request for leave due to experiencing COVID-19 symptoms and his termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise his rights under the Act.

20. As a result of this illegal termination, Plaintiff suffered damages including loss of his opportunity to earn employment wages, benefits, and other remuneration to which he was entitled.

21. As a result of the foregoing, Defendant willfully violated the Act, denied Plaintiff his protected paid sick leave rights, and retaliated against him for seeking leave during the COVID-19 global pandemic.

22. Defendant did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I
## UNPAID SICK LEAVE UNDER THE FFCRA

23. Plaintiff, re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

24. At all times material hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

25. At all times material hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

26. Defendant denied Plaintiff protected paid sick leave under the Act.

27. Defendant failed and refused to pay Plaintiff for eighty (80) hours of paid sick time.

28. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 206.*

29. Plaintiff is entitled to recover federal minimum wages of unpaid sick time in the amount of $480.00.

30. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to an additional amount of $480.00 in liquidated damages.

31. Therefore, as a result of Defendant's willful violation of the Act, Plaintiff is entitled to a total amount of **$960.00** for damages in unpaid sick leave.

32. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

    A.    Actual damages as a result of Defendant's discriminatory actions;

    B.    Punitive damages due to Defendant's willful behavior;

    C.    Compensatory damages;

    D.    Injunctive relief where feasible;

    E.    Attorney's fees;

    F.    Costs of this action; and

    G.    Any other relief this Court deems proper.

## COUNT II
## UNLAWFUL TERMINATION UNDER THE FFCRA

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

34. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

35. Defendant unlawfully discharged Plaintiff based upon Plaintiff's exercise of his rights under the FFCRA by terminating him for attempting to take his protected FFCRA paid sick leave during the COVID-19 global pandemic, and further unlawfully discriminated and/or disciplined Plaintiff for same.

36. At all times material hereto, Plaintiff was protected from unlawful discharge, discipline, or any other discriminatory manner taken against him under the Act.

37. As a result of Defendant's violation of the FFCRA, Defendant is considered to be in violation of the retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

38. As a result of Defendant's willful violation of the FFCRA, Defendant is subject to the penalties under the FLSA, 29 U.S.C. § 216(b).

39. As a direct and proximate result of Defendant's willful conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation in the community, and has been otherwise damaged in an amount to be proven at trial.

40. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to recover reinstatement to his prior position and/or recovery of lost future wages, recovery of his lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

41. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned and is obligated to pay it a reasonable fee. Pursuant to the Act, Plaintiff is entitled to recover his reasonable attorneys' fees and costs against Defendant.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    A.    Actual damages as a result of Defendant's discriminatory actions;

    B.    Declaring that Defendant has violated the FFCRA;

    C.    Declaring that Defendant has violated the retaliation provision of 29 U.S.C. § 215(a)(3).

    D.    Punitive damages due to Defendant's willful behavior;

    E.    Compensatory damages;

    F.    Injunctive relief where feasible;

    G.    Attorney's fees;

    H.    Costs of this action; and

    I.    Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MIGUEL ANGEL PENA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 13, 2020

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Miguel A. Pena</u>
  Plaintiff                                                                Case # _____
                                                                           Judge  _____
vs.
<u>Hialeah Motel Inc.</u>
  Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Juan J. Perez           Fla. Bar # 115784
        Attorney or party                            (Bar # if attorney)

Juan J. Perez                 10/13/2020
(type or print name)                 Date

## VERIFIED RETURN OF SERVICE

**State of Florida**     **County of Miami-Dade**     **Circuit Court**

Case Number: 2020-022067-CA-01

Plaintiff:
**MIGUEL ANGEL PENA**

vs.

Defendant:
**HIALEAH MOTEL INC. a Florida Profit Corporation**

For:
PEREGONZA LAW GROUP
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

Received by Statewide Process Service, Inc on the 26th day of October, 2020 at 12:20 pm to be served on **HIALEAH MOTEL INC C/O RAFAEL GARCIA, 7685 NW 12TH STREET, MIAMI, FL 33126**

I, Eduardo E Ochoa, do hereby affirm that on the **28th day of October, 2020** at **10:35 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service and servers initials and server # if any, endorsed thereon by me, to: **FRANCIS PONS** as **ASSISTANT MANAGER EMPLOYEE** authorized to accept service for Registered Agent at the address of: **7685 NW 12TH STREET, MIAMI, FL 33126** on behalf of **HIALEAH MOTEL INC C/O RAFAEL GARCIA**, Registered Agent, and informed said person of the contents therein, in compliance with Florida Statute §48.081(3)(a).

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true to the best of my knowledge.. Notary not required pursuant to F.S. 92.525 (2)

_____
**Eduardo E Ochoa**
Dade County CPS # 784

**Statewide Process Service, Inc**
5727 NW 7th Street
Suite 317
Miami, FL 33126
**(786) 512-5440**

Our Job Serial Number: OCH-2020001391

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t