UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-24693-GRAHAM/MCALILEY

MIGUEL ANGEL PENA,

    Plaintiff,

v.

HIALEAH MOTEL, INC.,

    Defendant.
_____/

## **DEFENDANT'S MOTION TO DISMISS**

Defendant, Hialeah Motel, Inc., requests the Court to enter an Order in accordance with Fed. R. Civ. P. 12, dismissing Count I of the Complaint based on the doctrine of "mootness" and dismissing or striking the claim for attorneys' fees at Count I based on the following good cause:

## I. INTRODUCTION

Plaintiff, Miguel Angel Pena, sued his former employer, Defendant, Hialeah Motel, Inc. ("Hialeah Motel"), for allegedly violating the Emergency Paid Sick Leave Act's requirement to be paid while unable to work due to COVID-19. *See* 29 C.F.R. §826.20, *et seq*. [ECF No. 1.] Plaintiff filed this lawsuit, even though Hialeah Motel unconditionally tendered a check that would have more than fully satisfied his claim for unpaid sick leave wages required by the EPSLA, and offered money that would have satisfied not only any claim for liquidated damages, but also any pre-suit attorneys' fees. Plaintiff stubbornly refused to accept that he had a small claim, it was rendered moot, and has now filed a Complaint that includes a claim for sick leave wages under the EPSLA as a means to extort additional attorneys' fees from Hialeah Motel. Under the circumstances of this case, the proper remedy is to dismiss Count I.

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884    fax 305.230.4844
*www.fairlawattorney.com*

## II. FACTUAL HISTORY

1. Plaintiff alleges that he worked for Hialeah Motel as a maintenance worker from February 2020 until July 3, 2020. [ECF No. 1-1 at ¶11.]

2. Plaintiff then alleges that he was unable to work after June 24, 2020 due to his suspicion that he contracted COVID-19. [ECF No. 1-1 at ¶¶13-14.]

3. Plaintiff's first day without working was **Thursday, June 25, 2020**.

4. Plaintiff received his test results indicating that he was negative for COVID-19 on Monday, June 29, 2020. [ECF No. 1-1 at ¶16.]

5. Plaintiff returned to work on **Wednesday, July 1, 2020**. [ECF No. 1-1 at ¶17.]

6. Defendant then fired Plaintiff on Friday, July 3, 2020.[1] [ECF No. 1-1 at ¶18.]

7. According to the Complaint, Plaintiff was out of work due to his COVID-19 scare for one week. [ECF No. 1-1 at ¶¶16-18.]

8. Plaintiff sent a letter to Hialeah Motel dated July 16, 2020 in which he demanded, *inter alia*, an unspecified amount of sick leave wages pursuant to the EPSLA. (Exhibit "A".)

9. Defendant analyzed its records, determined that Plaintiff made an average of **$405.41** during the 22 previous weeks in which he worked for Defendant, and then tendered Check No. 15127 payable to Miguel Angel Pena in the gross amount of **$410.00** and the net amount of $362.49.[2] (Exhibit "B".)

10. Since the matter was still pre-suit, and due to the amount at issue, Defendant also offered an additional $1,000.00 to Plaintiff (with no strings attached). This amount exceeded any

---

[1] While Plaintiff alleges at Count II Hialeah Motel's motive in firing him was retaliatory, Hialeah Motel disputes this claim and intends to assert the appropriate response to this claim following the Court's resolution of the Motion to Dismiss.
[2] Hialeah Motel computed that Plaintiff was actually owed $405.41, but still tendered an "even" $410.00. (Exhibit "B".)

2

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FLORIDA 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

liquidated damages that Plaintiff could have claimed ($410.00) or attorneys' fees he could have sought ($590.00). (Exhibit "C".)

11. Plaintiff acknowledged receipt of, but did not cash, Check No. 1512. He also refused to accept the offer of the additional $1,000.000 because of the misguided belief that his attorney should receive a windfall for a pre-suit letter that resulted in his recovery of less than $1,500.00. (Exhibit "D".)

12. Intent on litigating solely for attorneys' fees, Plaintiff went ahead and filed his Complaint in the Eleventh Judicial Circuit Court for Miami-Dade County. [ECF No. 1-1.]

13. Hialeah Motel removed the case to this Court [ECF No. 1], and then served a Rule 68 Offer on Plaintiff that identified the amount offered to Plaintiff for his EPSLA sick leave wages (the gross amount of $410.00), the amount offered to Plaintiff for his alleged liquidated damages ($410.00), and with the remaining amount ($590.00) offered to his counsel for attorneys' fees and/or costs.

### III. ARGUMENT

Plaintiff has no legitimate basis to proceed with Count I of the Complaint, in light of the pre-suit tender of an amount that exceeded the amounts he could have recovered for sick leave wages and liquidated damages. (Exhibits "B" and "C".) The only reason why Plaintiff did not cash the check in the gross amount of $410.00 and accept the offer of $1,000.00 is to attempt to recover/extort additional attorneys' fees through this Court. (Exhibit "D".) Of course, this Court is not in a position to allow parties to either pursue a moot claim or to use a moot claims as a springboard for levering otherwise avoidable attorneys' fees and costs. Plaintiff does not have a case or controversy about the EPSLA sick leave claim, due to the prior tender, and he should not be permitted to pursue that claim solely to seek undeserved attorneys' fees.

3

### A. The EPSLA Is Enforced Through The FLSA.

Rather than implement a new scheme for enforcement, Congress specified that the EPSLA was to be enforced as a claim for unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*:

> An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

By utilizing the enforcement provisions of the FLSA, the same defenses apply.

### B. Count I Must Be Dismissed As Moot.

Count I of the Complaint for sick leave wages under the EPSLA must be dismissed with prejudice based on the doctrine of mootness. There is no case or controversy involving the alleged sick leave wages, because Hialeah Motel tendered payment in an amount beyond any sick leave wages (and liquidated damages thereon) that could be awarded to him under the EPSLA prior to Plaintiff filing suit. "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1245 (11th Cir. 2003) (internal citations omitted). "If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot." *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987), *citing United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97 (1980). A moot claim must be dismissed.

Hialeah Motel computed that Plaintiff may be entitled to the gross amount of $405.41after being placed on notice of a claim for sick leave wages. (Exhibit "B".) Hialeah Motel then, due to the minimal amount at stake, promptly tendered the gross amount of $410.00 (the net amount of $361.49) to Plaintiff in Check 15127, along with the supporting calculations by

4

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884  fax 305.230.4844
*www.fairlawattorney.com*

way of a letter dated August 10, 2020. (Exhibit "B".) Check 15127 unconditionally tendered to Plaintiff in the gross amount of $410.00 and the net amount of $361.49 exceeded the average number of hours Plaintiff worked during his 22 weeks of employment, divided by the number of weeks he worked, and then multiplied by his regular rate of $12/hour.[3] *See* 29 C.F.R. §826.25. Hialeah Motel rendered any claim for sick leave wages under the EPSLA moot as a result of this pre-suit tender.

> A case is moot when the parties lack a legally cognizable interest in the outcome or when there is no longer a live controversy with respect to which the court can give meaningful relief. *See City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). As recently explained in *Evans v. General Mechanical Corp.,* 6:12–cv–229, 2012 U.S. Dist. LEXIS 57715, at *2, 2012 WL 1450107 (M.D. Fla. Apr. 25, 2012), "FLSA claims are frequently mooted where an employer/defendant tenders 'full payment.' " *See also Cameron–Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1244 (11th Cir.2003) (mootness doctrine applies to FLSA cases); *Gathagan v. The Rag Shop/Hollywood, Inc.,* No. 04–80520, 2005 U.S. Dist. LEXIS 47235, at *7, 2005 WL 6504414 (S.D. Fla. Feb. 10, 2005) (defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot); *Mackenzie v. Kindred Hosps. E.,* 276 F.Supp.2d 1211, 1219 (M.D. Fla. 2003) (offer of full relief eliminates a legal dispute upon which federal jurisdiction can be based and renders the case moot).

*Dean v. Cmty. Dental Services, Inc.*, 2012 WL 4208114, at *2 (M.D. Fla. Sept. 19, 2012) ("This Court determines that Defendants' tender of Plaintiff's FLSA overtime wages and liquidated damages moots Count I of the Complaint.") The requirement that a plaintiff's claim be dismissed for mootness upon the tender of full payment is not a novel concept, but well-recognized by Courts within this District:

> As unrebutted evidence shows, GRC has unconditionally tendered payments to Plaintiffs that fully cover (and more) their claims for unpaid wages and liquidated damages. *See Bilbao v. Bros. Produce Inc.,* No. 13–20535–CIV, 2013 WL 1914406, at *2 (S.D. Fla. May 8, 2013) (holding, in FLSA case, that "Plaintiff's claims were mooted the moment [Defendants] tendered payment for the full damages that Plaintiff could recover"); *Gathagan v. Rag Shop/Hollywood, Inc.,* No. 04–80520–CIV, 2005 WL 6504414, at *2 (S.D. Fla. Feb.10, 2005) (explaining that "[t]he mootness doctrine applies to FLSA actions" and

---

[3]  *See* Footnote 2.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

that "Defendant's tender of Plaintiff's maximum recoverable damages has rendered her case moot").

*Murphy v. Glob. Response Corp.*, 2015 WL 3574346, at *4 (S.D. Fla. June 5, 2015). In light of this well-settled issue, the Court should proceed to enter an Order dismissing Count I as moot.

Today, Hialeah Motel served an offer to Plaintiff in the total gross amount of $1,410.00 pursuant to Fed. R. Civ. P. 68 in which it identified the amount offered to Plaintiff for his EPSLA sick leave wages (the gross amount of $410.00), the amount offered to Plaintiff for his alleged liquidated damages ($410.00), and with the remaining amount ($590.00) offered to his counsel for attorneys' fees and/or costs due to the fact that pursing a claim for unpaid sick leave wages under the EPSLA was both unnecessary and unreasonable, and due to the lack of a requirement under the FLSA to pay pre-suit attorneys' fees (especially given it is such a small claim.) With the tender of full payment for the EPSLA sick leave claim through the Rule 68 offer, there is no question that the Court lacks jurisdiction of this moot claim.

> If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. *See, e.g.*, *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 201–02, 24 L.Ed.2d 214 (1969) (per curiam). Indeed, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1227 n. 14 (citing *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("The question of mootness is ... one which a federal court must resolve before it assumes jurisdiction.")). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* at 1217 (citing *Hall*, 396 U.S. at 48, 90 S.Ct. at 201–02, 90 S.Ct. 200).

*Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Plaintiff does not even need to accept the Rule 68 offer to moot a claim under the FLSA, so long as the offer provides full relief:

> Whether or not the plaintiff accepts the offer, "generally, an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's [ ] claim." *Moore v. Hecker*, 250 F.R.D. 682, 684 (S.D. Fla. 2008) (citations and quotations omitted); *see also Mackenzie v. Kindred Hosps. E., LLC*, 276 F.Supp.2d 1211, 1218–19 (M.D. Fla. 2003) (dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer where offer exceeded

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

amount plaintiff could have received at trial); *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D. N.Y. 2000) (dismissing FDCPA claim as moot after plaintiff rejected Rule 68 offer where offer provided maximum statutory relief, because "there is no justification for taking the time of the court and the defendant in the pursuit of [a claim] which defendant has ... satisfied."). Therefore, "Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction." *Pollack v. Bay Area Credit Serv., LLC,* No. 08–61101–Civ, 2009 WL 2475167, at *5 (S.D. Fla. Aug.13, 2009); *see also Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); *Murphy v. Equifax Check Servs., Inc.,* 35 F.Supp.2d 200, 203 (D. Conn. 1999) (dismissing FDCPA claim for lack of subject matter jurisdiction after plaintiff rejected Rule 68 offer when offer was for maximum amount of damages that plaintiff was entitled to recover).

*Pena v. Magaya Corp.*, 15-20499-CIV, 2015 WL 3791732, at *2 (S.D. Fla. June 17, 2015). In light of the complete relief offered to Plaintiff pre-suit and now through the Rule 68 offer, dismissal of Count I is properly granted with prejudice.

### C. **Plaintiff's Claim For Attorneys' Fees At Count I Should Be Dismissed.**

In the alternative to dismissal of Count I, Hialeah Motel requests that the Court enter an Order dismissing / striking Plaintiff's claim for attorneys' fees from Count I. A plaintiff is only entitled to recover attorneys' fees under the FLSA upon recovery of a judgment. *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("The FLSA plainly requires that the plaintiff **receive a judgment** in his favor to be entitled to attorney's fees and costs.") [*emphasis added*.] The only reason why Plaintiff did not cash the check tendered to him and did not accept the additional $1,000.00 offered in satisfaction of his liquidated damages was to try and satisfy his desire to extort exaggerated attorneys' fees from Defendant.

The legal landscape is littered with decisions from Courts who denied attorneys' fees to litigants who stubbornly refused to accept complete relief and sought to only drive up otherwise unnecessary attorneys' fees. Most of the cases in this arena cite to the sentinel case of *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009) for the proposition that

7

under certain circumstances, "a reasonable fee and cost award here was zero". Time and time again, Courts determine apply this same tenet when FLSA plaintiffs (or their lawyers) pursue cases unnecessarily. *See e.g.*, *Malden v. Wings Over Emerald Coast Inc.*, 2019 WL 1245866, at *5 (N.D. Fla. Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 1245137 (N.D. Fla. Mar. 18, 2019) (denying attorneys' fees) (collecting cases). The situation at bar is analogous to that considered in *Nelson v. Kobi Karp Architecture & Interior Design, Inc.*, 2018 WL 3059647, at *2 (S.D. Fla. June 19, 2018), in which the Court awarded costs to the plaintiff but no attorneys' fees:

> Here, Defendants paid Plaintiff's wage claim in full before they were even served with process. Thus, at the time Defendants were actually served, the only issue remaining was the amount of fees and costs to which Plaintiff was entitled.

Courts are not constrained in their discretion, which can include the decision to deny an award of attorneys' fees or costs to a plaintiff for unreasonably dragging out a claim involving a modest sum for no legitimate reason.

> To ask in good faith for upwards of $16,000 in attorney's fees for prosecuting a case that Plaintiff's counsel knew would involve no more than a modest sum of $316, and to continue to engage in a pattern of behavior aimed at inflating the levels of attorney's fees shocks the conscience of the Court. It is the functional equivalent of using a sledgehammer to chip away at Jaret's affirmation of good faith. **This strategy of "shaking down" Defendants with nightmarishly expensive litigation solely in pursuit of attorney's fees must not be rewarded.**
>
> Therefore, the Court finds that it would be unreasonable and indeed, unjust, to force Defendants to pay *any* of Plaintiff's attorney's fees, since the suit was frivolous in the first instance and Plaintiff's counsel grossly exaggerated the amount of hours expended.[2] If the award of any amount of attorney's fees in this case is not flatly unreasonable, then the Court struggles to envision a scenario of reasonability. Accordingly, both of Plaintiff's Motions for Attorney's Fees are DENIED in their entirety. [*Emphasis added*.]

*Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003) (also denying plaintiff's request for an award of costs). Under the circumstances, the Court should proceed to dismiss / strike Plaintiff's claim for attorneys' fees at Count I.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

## V. CONCLUSION

WHEREFORE Defendant, Hialeah Motel, Inc., requests that the Court enter an Order in accordance with the foregoing motion by dismissing Count I as moot, by dismissing or striking his claim for attorneys' fees at Count I based on the pre-suit offer of complete, and to award such other and further relief as the Court deems just and proper.

Dated this 20th day of November 2020.

    s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Defendant*