# EXHIBIT

# "A"

# EXHIBIT "A"

# PEREGONZA
## THE ATTORNEYS

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107TH AVE., STE 302, DORAL, FL 33172
O: 786.650.0202 • F: 786.650.0200 • OFFICE@PEREGONZA.COM

July 16, 2020

*Via Certified Mail, Return Receipt Requested*

Hialeah Motel, Inc
c/o Rafael Garcia, Registered Agent
7685 NW 12 ST
MIAMI, FL 33126

Re:            Mr. Miguel Angel Pena v. Hialeah Motel Inc.
Our Client:    Mr. Miguel Angel Pena
Our File No.:  EL20-02252

Dear Mr. Garcia:

Please be advised that this law firm has been retained to represent the interests of Mr. Miguel A. Pena for the above-referenced matter. Therefore, any further correspondence relating thereto must be directed to this office. It has come to our attention that, your company has failed to comply with established legal requirements under federal, state, and local employment laws.

We believe that our Client's claims are well supported by a factual foundation and legal substance as provided respectively under applicable statutes and jurisprudential precedent. We, nevertheless, are hopeful that this matter can be amicably, equitably, and expeditiously disposed of in a manner satisfactory to all concerned without the need for protracted and costly litigation.

**CLAIMS FOR RELIEF**

As you may be aware, the Families First Coronavirus Response Act (FFCRA or Act) requires certain employers to provide employees with paid sick leave or expanded family and medical leave for specified reasons related to COVID-19. The Act further provides that an employer cannot take any retaliatory personnel against any employee who has engage in protected activity under the Act. In light of adverse action taken by your company against our Client in violation of applicable law, we are entitled to pursue all available relief including our Client's reinstatement the same position previously held or to an equivalent position; reinstatement of our Client's full fringe benefits and seniority rights; compensation for lost wages, benefits, or other lost remuneration; payment of reasonable costs and attorney's fees; and any other injunctive or declaratory relief deemed appropriate by a court of competent jurisdiction.

### *Whistleblower Claim*

As you may be aware, both state and federal law mandate that an employer may not take any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. In light of adverse action taken by your company against our Client in violation of applicable whistleblower statutes, we are entitled to pursue all available relief including our Client's reinstatement the same position previously held or to an equivalent position; reinstatement of our Client's full fringe benefits and seniority rights; compensation for lost wages, benefits, or other lost remuneration; payment of reasonable costs and attorney's fees; and any other injunctive or declaratory relief deemed appropriate by a court of competent jurisdiction.

### SETTLEMENT PROPOSAL

Despite the magnitude of our potential recovery at trial, we believe that the best interests of all parties involved are best served by the swift and equitable resolution of this dispute. To that end, we request that you contact our office to discuss the damages owed to our Client and the terms of any potential settlement agreement. At this time our Client has agreed to allow you and your company **fifteen (15) days** from the date of this notice to contact us regarding pre-litigation settlement.

In addition to the aforementioned, please allow this letter to serve as notice to you that you are not to destroy, conceal or alter any electronic data or communications procured in relation to this matter from as early as the date of pre-hire, but not limited to, e-mails, text messages, correspondence, and any and all forms of communication. As you know, your failure to comply with this notice can result in severe sanctions being imposed by the Court for spoliation of evidence or potential evidence.

### INSURANCE PROVIDER REQUEST

In accordance with Fla. Stat. § 627.4137, we request from you, within thirty (30) days, the disclosure of information with regard to each known policy of employment practices liability or other similar insurance:

(a) Carrier name and policy number of any EPLI or similar policy maintained during our Client's employment;

(b) The limits of any coverage for any such policies; and

(c) The name of any joint employer or professional employer organization with which you maintained a relationship, as well as the carrier name and policy number of any insurance policies held by such entity.

Additionally, we request that you forward this request to all insurers listed in your responses to the above. Please be further advised that, in the event that you did not have insurance, or had inadequate liability coverage, let this letter serve as notice to your company that our Client intends to file suit following compliance with any administrative prerequisites.

Please keep in mind that disregard of this notice will result in this office seeking all presently available legal remedies, and any additional remedies which may become available. Again, we believe that the best interests of all parties involved are served by pre-litigation resolution in a timely manner. Therefore, please do not delay in contacting us.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Very Truly Yours,

s/ Nathaly Saavedra, Esq.
Nathaly@PereGonza.com
For the Firm

NS
Enclosure