# EXHIBIT

# "D"

EXHIBIT "D"

Print | Close Window

*Handwritten note: "Joe! I got this email"*

**Subject:** Fwd: Miguel Angel Pena v-Hialeah Motel, Inc.
**From:** Nathaly Saavedra <nathaly@peregonza.com>
**Date:** Mon, Aug 10, 2020 5:11 pm
**To:** josephla@jmrodriguezlaw.com
**Cc:** amy@jmrodriguezlaw.com
**Attach:** FIRM-PEER-RATED-WH-200.png
Miguel Angel Pena v Hialeah Motel, Inc..pdf

Good Afternoon Mr. Rodriguez,

I am in receipt of your letter regarding the above referenced matter.

As I stated in my previous email, The Statute 826.150(b) explains that an employer who violates the EPSLA is considered to have failed to pay the minimum wage required by section 6 of the FLSA, *See* 29 U.S.C. 206, 215(a)(3). With respect to such violations, the relevant enforcement provisions of sections 16 and 17 of the FLSA apply. Despite your assertions, Mr. Pena was not required under the statute to request payment to be entitled to the same. It is sufficient that he gave notice to his employer of the circumstances and his inability to work which it is undisputed that he did.

Based on the above as well as the facts of the case, Mr. Pena is entitled to liquidated damages and ==attorneys fees and costs.== The case law is clear on this issue:

"Defendants cannot simply tender payment in order to moot the case and avoid paying attorneys fees and costs. See *Tapia v. Fla. Cleaners, Inc.*, No. 09-21569, 2011 WL 10605734, at *2 (S.D. Fla. Oct. 12, 2011) (characterizing the defendants' tender of full damages as an "attempt to circumvent the requirements of Rule 68").

Allowing Defendants to evade paying attorney's fees and costs would frustrate the FLSA's goal of fully compensating wronged employees. *See Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (per curiam). "The language of the statute contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs." *Id.* (citation and internal quotation marks omitted). And "in cases like this one where attorney fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred; *i.e.* 'Fees for litigating fees.'" *Wolff*, 545 Fed.Appx. at 796 (citing *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003)).

Mr. Pena has made efforts to get this matter resolved in good faith. However, our attempts to limit the expenses of litigation should not be used as a way to circumvent Defendant's liability under the statute. Therefore, please advise if your client intends to resolve this matter in good faith by tendering the amounts due to Mr. Pena for liquidated damages and attorneys fees and costs.

---------- Forwarded message ----------
From: <amy@jmrodriguezlaw.com>
Date: Mon, Aug 10, 2020 at 12:46 PM
Subject: Miguel Angel Pena v-Hialeah Motel, Inc.
To: Nathaly@PereGonza.com <Nathaly@peregonza.com>

Attached please find Mr. Rodriguez correspondence of today with check, which is being mailed to you today.

Thank you for your attention to this matter.

**Amy Varona**
**Assistant to Joseph M. Rodriguez**
**7154 S.W. 47th Street, 2nd Floor**
**Miami, Florida 33155**
**Phone (305) 441-2829 @ extension # 301**
**Fax (305) 441-1310**

--

Best Regards,
Nathaly Saavedra, Esq.
nathaly@peregonza.com

Print | Close Window

Subject: Re: Miguel Angel Pena v-Hialeah Motel, Inc.
From: Nathaly Saavedra <nathaly@peregonza.com>
Date: Thu, Aug 13, 2020 3:47 pm
To: josephla@jmrodriguezlaw.com
Cc: amy@jmrodriguezlaw.com

Good Afternoon Counsel,

I have conferred with my client who has authorized me to reject the payment received. As previously stated, the payment is evidence of your client's intentions to circumvent the statutes that have been put in place to protect employees and Plaintiff's good faith efforts to reach a settlement on claims that can potentially represent a significant sum in fees and costs.

It is well established that statutory liquidated damages become "fixed" at the moment the employer fails to pay overtime wages and an employer cannot subsequently eradicate the right to liquidated damages by tendering the amount of unpaid overtime wages, see, e.g., *Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947, 960-61 (W.D. Mich. 2002); *id.* at 960 ("What AEP cannot do, however, is effectively nullify plaintiff's entitlement to liquidated damages simply by tendering a check on the eve of trial which covers the full amount of overtime compensation already long overdue."); 29 C.F.R. § 790.22 ("Under this provision of the law, the courts have held that the liability of an employer for liquidated damages in an amount equal to his underpayments of required wages become[s] fixed at the time he fails to pay such wages when due").

Similarly, as district courts both within and outside of the Eleventh Circuit have recognized, the fact that a determination of reasonable FLSA attorneys' fees is not part of the *merits* relief *for purposes of* 28 U.S.C. § 1291 does not change the fact that such fees are part of the *damages* to which a prevailing FLSA plaintiff is entitled, and which attach to a meritorious FLSA action as soon as it is commenced. *See, e.g., Norzelus v. Republic Servs. of Fla., L.P.*, No. 04-81078-Civ-Marra, slip. op. at 8 (S.D. Fla. Sept. 7, 2005) (J. Marra); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, (M.D. Fla. 2001) ("the Eleventh Circuit has held that under the FLSA an attorneys' fee is an integral part of damages"). Consistent with that conclusion, several courts have explicitly and implicitly concluded that tenders or offers of judgment which do not include attorneys' fees and costs are not tenders of full damages pursuant to the FLSA but rather are offers of settlement or compromise.

Otherwise, An employer could always refuse to pay overtime wages, then tender full back wages and liquidated damages but no fees or costs to any employee who filed suit while refusing to make such payments to employees who did not file suit. If employers could unilaterally render cases moot by doing so (and without paying fees and costs) then: nefarious employers would have little disincentive to violate the FLSA; employees with relatively small FLSA claims likely would rarely be able to secure competent counsel and rarely would be able to secure their rights in court (thus providing employers with even less disincentive to violate the FLSA and employees less incentive to pursue their rights in court); and there would be no practical means to ensure provision of a remedy for a large number of violations which the FLSA and its fee-shifting provision were designed to remedy and prevent.

Therefore, this is my last attempt to seek a resolution of this matter before we file the lawsuit. Please let me know if your client intends to accept our demand of ▮▮▮▮ inclusive of fees and costs to resolve all claims. If I do not hear back from you by next Friday, August 21, 2020 we will assume that your client has no interest in getting this matter resolved at which point we will return the payment received with your letter dated August 10, 2020 and file suit.

Copyright © 2003-2020. All rights reserved.