**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 20-24693-CIV-GRAHAM

MIGUEL ANGEL PENA,

      Plaintiff,

vs.

HIALEAH MOTEL, INC.,
a Florida Profit Corporation
      Defendant.
_____/

**<u>ORDER</u>**

    **THIS CAUSE** came before the Court on Defendant Hialeah Motel, Inc.'s Motion to Dismiss (ECF No. 3).

    **THE COURT** considers the motion, Plaintiff's response in opposition (ECF No. 6), and Defendant's reply (ECF No. 8) and is otherwise fully advised in the premises. For the reasons stated herein, the Court GRANTS Defendant's Motion to dismiss Count I.

**I.      BACKGROUND**

    Plaintiff, Miguel Angel Pena, sent a pre-suit demand letter on July 16, 2020 to Defendant, Hialeah Motel, Inc., demanding payment of an unspecified amount of sick leave pursuant to the Emergency Paid Sick Leave Act ("EPSLA"), and claiming that he was damaged by being terminated shortly after his return to work, purportedly in violation of the EPSLA. (ECF No. 1 and 3-1). Defendant analyzed its records, determined that Plaintiff made an average of $405.41 during the 22 previous weeks in which he worked for Defendant, and then on August 10, 2020, tendered a check (Check No. 15127) payable to Plaintiff in the gross amount of $410.00 and the net amount of $362.49.(ECF No. 3-2). As stated in its letter to Plaintiff dated September 21, 2020, on August 14,

2020, Defendant tendered a verbal settlement offer of an additional $1,000.00 to Plaintiff in satisfaction of any claimed liquidated damages, other alleged damages, and/or his pre-suit attorney's fees above the $410.00 previously tendered. (ECF No. 1 and 3-3).

Plaintiff returned uncashed Check No. 15127 in the net amount of $362.49. Specifically, in its rejection of Defendant's offer, Plaintiff stated that "Mr. Pena is entitled to liquidated damages and attorneys fees and costs." (ECF No. 3-4, p. 2). Further, Plaintiff demanded $12,000, inclusive of fees and costs to resolve all claims. (ECF No. 3-4, p. 3). Plaintiff also did not accept the offer of the additional $1,000.00 to resolve the remainder of his claims. Instead, on October 13, 2020, Plaintiff filed a lawsuit against his former employer, Defendant, Hialeah Motel, Inc., in the Eleventh Judicial Circuit Court for Miami-Dade County, Florida. (ECF No. 1-1).

In his Complaint Plaintiff alleges two causes of action: Count I-Unpaid Leave Under the FFCRA ("Families First Coronavirus Response Act"); and Count II-Unlawful Termination Under the FFCRA. *Id.* In Count I Plaintiff alleges violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and the EPSLA's requirement to be paid while unable to work due to COVID-19. *See* 29 C.F.R. §826.20, *et seq*. (ECF No. 1-1). In Count II Plaintiff alleges retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). *Id.* On November 16, 2020, Defendant removed this matter to this Court under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (ECF No. 1).

In the instant motion, Defendant seeks dismissal of Count I of the Complaint "based on the doctrine of 'mootness'" and dismissal or striking of Plaintiff's "claim for attorneys' fees at Count I." (ECF No. 3). Specifically, Defendant asserts that Count I should be dismissed as moot because Plaintiff filed this lawsuit, even though Defendant tendered a check that would have fully satisfied

his claim for unpaid sick leave wages required by the EPSLA, and offered money that would have satisfied any claim for liquidated damages and any pre-suit attorney's fees. *Id.* In response, Plaintiff contends that Defendant's motion must fail because: (a) Defendant has not offered the complete relief for which Plaintiff is entitled under the EPSLA; (b) the offer of judgment has not been accepted and the time for acceptance has not expired; and (c) even if unaccepted, Defendant's Offer of Judgment does not moot Plaintiff's claim. (ECF No. 6).

## II.      LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant moves to dismiss Count I of Plaintiff's Complaint for lack of subject matter jurisdiction because this action is moot. "[M]ootness is a jurisdictional issue that must be resolved at the threshold." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1227 n.14 (11th Cir. 2000). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir.2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 732 (11th Cir.1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir.1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. *Eaton*, 692 F.2d at 732. Plaintiff has the burden to demonstrate that the Court has jurisdiction. See, e.g., *Rosner v. United States*, 231 F. Supp. 2d 1202, 1205 (S.D. Fla. 2002) (J. Seitz) (citations omitted).

### III.   ANALYSIS

#### A.   **Count I**

Plaintiff sent a sent a pre-suit demand letter on July 16, 2020 to Defendant demanding payment of an unspecified amount of sick leave for a week of absence pursuant to the EPSLA. On August 10, 2020, Defendant tendered a check payable to Plaintiff in the gross amount of $410.00 and the net amount of $362.49. (ECF No. 3-2). On September 21, 2020, Defendant also confirmed its verbal offer of an additional $1,000.00 to Plaintiff for any claimed liquidated damages and/or his pre-suit attorney's fees above the $410.00 previously tendered. (ECF No. 1 and 3-3). Shortly thereafter, Plaintiff rejected Defendant's offer by returning Defendant's $362.49 check uncashed, demanding $12,000 to resolve all claims, and filing suit.

According to the Complaint, Plaintiff was out of work due to his COVID-19 scare for one week. (ECF No. 1-1 at ¶¶16-18).  In his Statement of Claim Plaintiff estimates that his total amount of unpaid wages for the week of June 24, 2020 to July 1, 2020 is $480.00 exclusive of liquidated damages, attorneys' fees and costs. (ECF No. 10). This calculation is based on Defendant's and Plaintiff's agreement that Plaintiff was to receive an hourly wage of $12.00/hour and the fact that Plaintiff regularly worked at least forty (40) hours a week. *Id.* With liquidated damages, Plaintiff's total claim under the EPSLA is $960.00. *Id.*

Defendant argues that Plaintiff's claim as asserted in Count I of his Complaint is moot and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Defendant made a tender offer to the Plaintiff for the entire amount claimed by Plaintiff. (ECF No. 3). Although Plaintiff contends in his response that Defendant's motion should be denied because "the offer of judgment has not been accepted and the time for acceptance has not expired," it appears that the filing of the instant action is a clear rejection of the tender amount. (See ECF No. 6).

4

Further, Plaintiff asserts that Defendant did not accurately calculate Plaintiff's damages and the gross amount of $410.00 tendered does not accurately reflect the wages owed. (ECF No. 6). Specifically, Plaintiff contends that "[i]nstead of calculating the average regular hourly rate and multiplying that for each hour of sick leave taken, Defendant averaged Plaintiff's total weekly wages earned during his employment and determined that [$410.00] was the amount owed to Plaintiff for the week he was out on leave." *Id.* Thus, Plaintiff contends that the difference of $70.00 is the amount in dispute and Defendant's pre-suit tender does not moot Plaintiff's claim. Furthermore, Plaintiff argues that the pre-suit tender did not provide full relief because it did not account for liquidated damages or attorney's fees and costs incurred. *Id.*

A case is moot when the parties lack a legally cognizable interest in the outcome or when there is no longer a live controversy with respect to which the court can give meaningful relief. See *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). As recently explained in *Evans v. General Mechanical Corp.*, 6:12–cv–229, 2012 U.S. Dist. LEXIS 57715, at *2, 2012 WL 1450107 (M.D. Fla. Apr. 25, 2012), "FLSA claims are frequently mooted where an employer/defendant tenders 'full payment.'" See also *Cameron–Grant v. Maxim Healthcare Servs.*, Inc., 347 F.3d 1240, 1244 (11th Cir.2003) (mootness doctrine applies to FLSA cases); *Gathagan v. The Rag Shop/Hollywood, Inc.*, No. 04–80520, 2005 U.S. Dist. LEXIS 47235, at *7, 2005 WL 6504414 (S.D. Fla. Feb. 10, 2005) (defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot); *Mackenzie v. Kindred Hosps. E.*, 276 F.Supp.2d 1211, 1219 (M.D. Fla. 2003) (offer of full relief eliminates a legal dispute upon which federal jurisdiction can be based and renders the case moot); *Dean v. Community Dental Services, Inc.*, 2012 WL 4208114, at *2 (M.D. Fla. 2012).

In the present case, Plaintiff asserts that Defendant's tender of $1,410 is insufficient and falls

short of fully compensating Plaintiff for the $480 in claimed unpaid wages under the FLSA. (ECF No. 6). The Court rejects Plaintiff's contention. Plaintiff's counsel issued a demand letter as to Plaintiff's EPSLA claim for a week of unpaid wages in an uncertain sum. Defendant's tendered amount of $410.00 is reasonably close to the amount of $480.00 later stated in Plaintiff's Statement of Claim. (ECF No. 10). Additionally, Defendant tendered $1,000.00 to cover liquidated damages and reasonable attorney's fees. Plaintiff's present contention that Defendant's pre-suit offer was insufficient to provide complete relief is disingenuous and is belied by the demand letter and Statement of Claim before the Court. Instead, it appears from the record that any additional damages that Plaintiff's counsel seeks are for attorney's fees which is a separate issue from the merits of and recovery for unpaid wages in Count I.

The Court finds that Defendant's tender of $1,410.00 for Plaintiff's sick leave wages and liquidated damages in the amount of $960.00 moots Count I of the Complaint. Plaintiff may be entitled to attorney's fees on this claim pursuant 29 U.S.C. § 216(b); however, the issue of attorney's fees is a collateral matter and does not involve the merits of Plaintiff's clam in Count I. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Consequently, the issue of attorney's fees does not prevent this Court from finding the FLSA claim in Count I moot.

### B.  Attorney's Fees

Defendant requests that the Court strike Plaintiff's request for fees and costs and contends that "[t]he only reason why Plaintiff did not cash the check tendered to him and did not accept the additionally [sic] $1,000.00 offered in satisfaction of his liquidated damages was to try and satisfy his desire to extort exaggerated attorneys' fees from the Defendant." (ECF No. 3 at p. 7). With respect to attorney's fees in FLSA cases filed before this Court, if the parties compromise the action

through settlement, the Court is required to scrutinize the fairness of the settlement under the factors set out in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Eleventh Circuit in *Silva* explained that the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).  In determining the fairness of attorney's fee, the Court requires a copy of the attorney's retainer agreement as well as full documentation of all hours supporting the lodestar if attorney's fees are or were paid as part the settlement. If Plaintiff's counsel seeks to recover a contingency fee award that would substantially exceed the amount of fees the attorney would otherwise receive on an hourly basis, the Court would consider a reduction of the lodestar upon consideration of various factors, including results obtained for the Plaintiff.  Additionally, the Court routinely limits fair and reasonable attorney's fees to forty -percent of the total settlement.

Although the parties here have not reached a settlement and the Court is not required (at this stage) to evaluate the reasonableness of Plaintiff's pre-suit attorneys' fees and costs, the Court rejects Plaintiff's position. Having determined that Plaintiff in entitled to damages in the amount of $960.00 for Count I under the Act, then a post-suit attorney's fee of $384.00 is reasonable and Plaintiff's total recovery would be $1,344.00 plus costs. However, if this matter was settled pre-suit, Plaintiff's counsel would likely be entitled to less than the routine forty-percent of the total settlement. Nonetheless, the record does not support the award of attorney's fees for such a nominal claim in the amount suggested by Plaintiff's $12,000 demand.

Based thereon, the Court finds that Defendant's offer of judgment fully compensated Plaintiff for Count I rendering Plaintiff's claim moot and not based on a live controversy because Plaintiff's proposed pre-suit recovery of $1,410.00 exceeds the amount of unpaid wages he sought in his

7

statement of claim and he is not sacrificing his recovery to fund his counsel's fair and reasonable attorney's fees included in the pre-suit tender.

IV.    **CONCLUSION**

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Hialeah Motel, Inc.'s Motion to Dismiss (ECF No. 3) is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that **Count I of Plaintiff's Complaint** (ECF No. 1) is **DISMISSED as moot.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of January, 2021.

s/ Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record