UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-24693-GRAHAM/MCALILEY

MIGUEL ANGEL PENA,

    Plaintiff,

v.

HIALEAH MOTEL, INC.,

    Defendant.
    _____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT II**

Defendant, Hialeah Motel, Inc., files its Answer and Affirmative Defenses to Count II of the Complaint[1], as follows:

### **ANSWER**

### **Jurisdiction and Venue**

1. Defendant admits the allegations at paragraph 1 that this Court has jurisdiction over this matter, but denies the remaining allegations at paragraph 1.

2. Defendant admits the allegations at paragraph 2 that this Court has jurisdiction over this matter, but denies the remaining allegations at paragraph 2.

3. Defendant admits the allegations at paragraph 3 that venue is appropriate in this Court, but denies the remaining allegations at paragraph 3.

---

[1] The Court entered its Order on January 7, 2021 [ECF No. 14] dismissing Count I as moot, relieving this Defendant of the need to respond to Count I.

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

4. Defendant admits the allegations at paragraph 4 that venue is appropriate in this Court, but denies the remaining allegations at paragraph 4.

## **Parties**

5. Defendant admits the allegations at paragraph 5 that Plaintiff is over 18 years old and *sui juris*, but denies the remaining allegation at paragraph 5.

6. Defendant admits the allegations at paragraph 6.

7. Defendant admits the allegations at paragraph 7 that it employed Plaintiff from February 3, 2020, until it fired him on July 3, 2020, but denies all remaining allegations at paragraph 7.

8. Defendant denies the allegations at paragraph 8.

9. Defendant admits the allegations at paragraph 9 that it employed Plaintiff from February 3, 2020, until it fired him on July 3, 2020, but denies the remaining allegations at paragraph 9.

10. Defendant denies the allegations at paragraph 10.

## **General Allegations**

11. Defendant admits the allegations at paragraph 11 that it employed Plaintiff as a maintenance worker from February 3, 2020, until it fired him on July 3, 2020.

12. Defendant denies the allegations at paragraph 12; Plaintiff was a sub-par employee who repeatedly wasted time, did not work for the entirety of his shifts, had a poor work attitude, violated numerous work policies (including the policy against cellphone use during work hours), refused to perform work requested of him, and repeatedly refused to work in the sun, while having other work-performance and work-attitude issues.

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

13. Defendant denies the allegations at paragraph 13 that Plaintiff reported that weakness, light-headedness, dizziness, and/or exhaustion, and denies that Plaintiff had COVID-19 symptoms; Defendant admits that Plaintiff reported that he thought he had COVID-19, but denies the remaining allegations at paragraph 13.

14. Defendant denies the allegations at paragraph 14.

15. Defendant denies the allegations at paragraph 15.

16. Defendant admits the allegations at paragraph 16 that Plaintiff underwent diagnostic testing for COVID-19 on June 23, 2020, and that he received a negative result on June 26, 2020, but denies the remaining allegations at paragraph 16.

17. Defendant denies the allegations at paragraph 17.

18. Defendant denies the allegation at paragraph 18.

19. Defendant denies the allegation at paragraph 19.

20. Defendant denies the allegation at paragraph 20.

21. Defendant denies the allegation at paragraph 21.

22. Defendant denies the allegation at paragraph 22.

## COUNT I

## UNPAID SICK LEAVE UNDER THE FFCRA

23. Dismissed by the Court; no response is required to paragraph 23.

24. Dismissed by the Court; no response is required to paragraph 24.

25. Dismissed by the Court; no response is required to paragraph 25.

26. Dismissed by the Court; no response is required paragraph 26.

27. Dismissed by the Court; no response is required paragraph 27.

28. Dismissed by the Court; no response is required paragraph 28.

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

29. Dismissed by the Court; no response is required paragraph 29.

30. Dismissed by the Court; no response is required paragraph 30.

31. Dismissed by the Court; no response is required paragraph 31.

32. Dismissed by the Court; no response is required paragraph 32.

## COUNT II

## UNLAWFUL TERMINATION UNDER THE FFCRA

33. Defendant reincorporates its responses to paragraphs 1 through 22.

34. Defendant denies the allegations at paragraph 34.

35. Defendant denies the allegations at paragraph 35.

36. Defendant denies the allegations at paragraph 36.

37. Defendant denies the allegations at paragraph 37.

38. Defendant denies the allegations at paragraph 38.

39. Defendant denies the allegations at paragraph 39.

40. Defendant denies the allegations at paragraph 40.

41. Defendant denies the allegations at paragraph 41.

42. Defendant denies all allegations not specifically responded to above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff failed to state a cause of action for which relief can be granted.

### Second Affirmative Defense

Defendant cannot be held liable for liquidated damages because it at all times material acted in good faith and had reasonable grounds for believing its acts or omissions were not a

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

violation of the EPSLA, and believed then and believes now that its actions fully comply with the EPSLA.

### Third Affirmative Defense

Plaintiff cannot recover both liquidated damages and interest if Plaintiff prevails on his EPSLA retaliation claim.

### Fourth Affirmative Defense

Defendant is entitled to a setoff for any wages or damages due to Plaintiff for any/all unpaid loans, premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff as an advance.

### Fifth Affirmative Defense

The doctrines of waiver and/or laches apply to bar Plaintiff's claim for retaliation.

### Sixth Affirmative Defense

Plaintiff failed to mitigate the damages sought in his claim for retaliation, and so any recovery by Plaintiff must be reduced accordingly.

### Seventh Affirmative Defense

Plaintiff acted in such a manner as to cause all or part of his damages including, but not limited to, engaging in one or more dischargeable offenses; therefore, his recovery, if any, should be barred or reduced accordingly.

### Eighth Affirmative Defense

If it acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in his termination had Defendant known, Plaintiff's claim for retaliation is barred or limited by the after-acquired evidence rule.

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

<u>Ninth Affirmative Defense</u>

To the extent Plaintiff claims he suffered any non-pecuniary losses, they are the result of preexisting psychological disorders and/or alternative concurring causes, and not the result of any act or omission by Defendant.

<u>Tenth Affirmative Defense</u>

Defendant acted in conformity with and in reliance on administrative regulations, orders, rulings, and/or interpretations of any agency of the United States or the administrative practice or enforcement policy of any such agency at all times material hereto.

<u>Eleventh Affirmative Defense</u>

Any claim for relief by Plaintiff for retaliation must be setoff and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

<u>Twelfth Affirmative Defense</u>

The decision to terminate Plaintiff's employment on July 3, 2020, was based on one or more legitimate, non-discriminatory, and non-retaliatory reasons. Plaintiff was a sub-par employee who repeatedly wasted time, did not work for the entirety of his shifts, displayed a poor attitude at work, was insubordinate, violated numerous work policies (including the policy against cellphone use during work hours), refused to perform work requested of him, and repeatedly refused to work in the sun, while having other work-performance and work-attitude issues. Ultimately, Plaintiff was asked to assist another maintenance worker on July 1, 2020, but refused to perform the work. Once Defendant informed Plaintiff that his employment was terminated, he then threatened Defendant's General Manager, which in and of itself, is grounds for terminating Plaintiff's employment.

6

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

Defendant's termination of Plaintiff's employment was, therefore, based reasons unrelated to his taking sick leave, his return from sick leave, or any request for paid sick leave.

### Thirteenth Affirmative Defense

Defendant did not take any action that prevented or interfered with Plaintiff attempting to take his protected FFCRA paid sick leave, but rather encouraged Plaintiff to take a leave of absence in order for him to be tested for COVID-19. Defendant then invited Plaintiff to return to work after he received a negative COVID-19 test, and placed Plaintiff back on the work schedule promptly after he returned to work following his negative COVID-19 test. In light of the foregoing, Plaintiff cannot prove any set of facts to establish that Defendant interfered with any attempt to take paid sick leave by Plaintiff.

### Fourteenth Affirmative Defense

Defendant no longer owns the property known as Hialeah Motel. Therefore, it does not have the ability to reinstatement Plaintiff to his former position. Furthermore, due to its no longer owning the property known as the Hialeah Motel, any right that Plaintiff may have had to continued employment and/or wages if he were to prevail in this action would be terminated upon the change in ownership of the subject property, limiting any recovery by Plaintiff accordingly.

### Reservation of Rights

Defendant reserves the right to assert other viable affirmative defenses as revealed through discovery.

WHEREFORE having responded to Count II of the Complaint, Defendant Hialeah Motel, Inc. demands the entry of a judgment in its favor on Count II, to an award of attorneys' fees and costs pursuant to the Court's inherent power and Plaintiff's bad faith in pursuing this

litigation. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985) (*see also Montoya v. L.C. 1 Trucking Corp.*, 2013 WL 588322, at \*2 (S.D. Fla. Feb. 13, 2013).

Respectfully submitted on this 12th day of January 2021,

            s/Brian H. Pollock, Esq.
            Brian H. Pollock, Esq. (174742)
            brian@fairlawattorney.com
            FAIRLAW FIRM
            7300 N. Kendall Drive
            Suite 450
            Miami, FL 33156
            Tel: 305.230.4884
            *Counsel for Defendant*

8

7300 N. Kendall Drive, Suite 450, Florida 33156
tel 305.230.4884 fax 305.230.4844
*www.fairlawattorney.com*